## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE PATRIOT NATIONAL INC.
SECURITIES LITIGATION

Case No. 1:17-cv-01866-ER

/

## DECLARATION OF ADAM WERNER, Ph.D.

I, ADAM WERNER, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.    I have been retained by Henry Wasik and Aric McIntire in the above-captioned action as an expert. In that capacity, I have estimated the recoverable class-wide damages under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act") and U.S. Securities & Exchange Commission ("SEC") Rule 10b-5 adopted thereunder (collectively, "Section 10(b)"). The following statements and opinions are true and correct to the best of my knowledge, information, and belief. If called to testify, I could and would testify competently as set forth below.

1

**QUALIFICATIONS**

2.      My educational background and professional experience qualify me to provide the damages estimates requested by Plaintiffs. My full qualifications are set forth in the curriculum vitae attached hereto as Exhibit A. The following paragraphs provide a general summary.

3.      I am currently a Lecturer in economics at the Orfalea College of Business at Cal Poly San Luis Obispo, where I have taught managerial economics to graduate students, and international finance and macroeconomics to undergraduates. I am also an affiliated expert at Crowninshield Financial Research, Inc. ("Crowninshield").

4.      Prior to accepting my lecturer position at Cal Poly San Luis Obispo and being affiliated with Crowninshield, I spent 16 years working for consulting firms including Cornerstone Research, CRA International, and NERA. I have been retained by both plaintiffs and defendants to consult on matters pertaining to market efficiency, materiality and loss causation, damages, investment banking, financial valuation, security issuance, bankruptcy, and option backdating.

5.      Federal, State, and Bankruptcy courts within the United States as well as the Superior Court of Justice for Ontario, Canada and the Supreme Court of Victoria at Melbourne, Australia have accepted and relied upon my opinions to understand the issues about which I opine and to determine ultimately issues of facts on the basis of that understanding.

6.    I have lectured to attorneys on the topic of damage estimation and settlements in securities class actions. I have also spoken on the estimation of capital rates in emerging economies at a conference organized by the University of Texas School of Law.

7.    I hold a Ph.D. in Finance (1999) from Northwestern University's Kellogg Graduate School of Management. While at Kellogg, I taught M.B.A. classes in both corporate finance, and futures and options. I was also awarded a University Scholarship during my time at Kellogg. Prior to graduate school, I served as a Research Assistant at the Federal Reserve Bank of Cleveland.

8.    Damages experts routinely estimate class-wide damages for Securities Act claims and Exchange Act claims using standard and commonly accepted methodologies. I apply those methodologies below in arriving at my final conclusions.

9.    Damages under Sections 11 and 15 of the Securities Act are estimated in accordance with the statute, in particular Section 11(e). 15 U.S.C. §77k(e). That statute provides, in pertinent part, that damages are equal to the difference between the "amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit…." *Id.*

10.    In its January 15, 2015 initial public offering, Patriot National sold 8,315,700 shares of stock to the public at a price of $14.00 per share. On January 12, 2018, the date Plaintiffs commenced their Securities Act claims, the price of Patriot

3

National's stock was $0.05 per share. Accordingly, by statute, class members under the Securities Act who purchased shares in the initial public offering and held their shares until January 12, 2018 are entitled to $13.95 per share.

11. For class members who purchased shares in the initial public offering and sold their shares prior to January 12, 2018, they would receive the difference between the price they paid and the price received when they sold their shares.

12. To estimate damages on a class-wide basis, I used a model to estimate how many shares purchased in the initial public offering were sold before January 12, 2018 and when. For this purpose, experts frequently use a proportionate trading model to determine the shares traded on particular days of a class period.

13. One trading model that is commonly used to develop conservative estimates is the "two-trader" model. The "two-trader" model assumes that not all freely tradable shares (referred to as a company's "float") are equally likely to be traded and, as such, generates an estimate of "damaged" shares by discounting the float by a certain percentage.

14. By utilizing a "two-trader" model along with the per-share damages calculation described above, I estimated that Plaintiffs' damages under Sections 11 and 15 of the Securities Act are approximately $38.8 million. The two-trader proportional trading model estimates that approximately 650,000 shares of Patriot National shares were purchased in the initial public offering and held through January 12, 2018. These purchasers of these shares would be entitled to $13.95 per share or $9.1 million. The two-trader proportional trading model estimates that the

4

other approximately 7,600,000 Patriot National shares issued in the initial public offering were sold before January 12, 2018. The purchasers who sold their shares before suit would be entitled to the difference between the price they paid and the price received. Based on the two-trader proportional trading model estimates of when these shares were sold and the market price for Patriot National shares during the class period, I estimate these damages would be $29.7 million.

15.    I also estimated damages potentially recoverable for a class under Section 10(b) of the Exchange Act utilizing the same drops as identified by Plaintiffs' counsel in the Plan of Allocation contained in the Notice of Settlement. My estimate was very similar to the approximately $106 million calculated by Plaintiffs' experts. The $38.8 million in Securities Act damages would be, in whole or in part, additional to damages claimed under the Exchange Act.

16.    The estimates prepared for counsel in this case are preliminary and based on the limited information currently available to me. A comprehensive damages analysis and opinion would require additional information and analysis. However, such preliminary analyses such as this one are commonly used by plaintiff and defense counsel to evaluating cases for settlement purposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of October, 2019.

_____
Adam Werner, Ph.D.

5